**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (Akron)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                            :
**THOMAS E. PEREZ**, Secretary of Labor,    :   Case No.  5:14-cv-490
U.S. Department of Labor,                    :
                                            :
        Plaintiff,                           :
                                            :
             v.                              :
                                            :
**CPS FOODS, LTD**; **GILLIAN HARRIS**;      :
and **GARY HARRIS**,                         :
                                            :
        Defendants.                          :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor,

brings this action to enjoin and restrain Defendants, CPS Foods, Ltd., Gillian Harris, and Gary

Harris, from violating the provisions of sections 6, 7, 11, 12, and 15 of the Fair Labor Standards

Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to section

17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to

Defendants' employees, as hereinafter prayed for, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act

and 28 U.S.C. § 1345.

II

(A)     Defendant CPS Foods, Ltd. is and, at all times hereinafter mentioned, was an

Ohio limited liability company with a place of business at 1994 Brittain Road, Akron OH, within

the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the operation of a full-service restaurant and related types of activities.

(B)     Defendants Gillian Harris and Gary Harris are and, at all times hereinafter mentioned, were the owners and/or managers of the corporate Defendant, and acted directly or indirectly in the interest of the corporate defendants in relation to their employees, and is an employer within the meaning of section 3(d) of the Act.

III

The defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Act.

IV

The defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying their employees wages at a rate less than $7.25 per hour in workweeks after July 23, 2009, when said employees were engaged in commerce or in the production of goods for

2

commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. Specifically, Defendants paid certain employees no wages and required certain employees to pay a fee to the defendants in order to work. This pay practice resulted in certain employees being paid less than the applicable minimum wage for all hours worked in certain workweeks..

VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing their employees, who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

3

VIII

Defendants repeatedly violated the provisions of Sections 12(c) and 15(a)(4) of the Act by employing in and about their aforesaid places of business, minors under the age of eighteen who engaged in hazardous work by operating paper balers and/or trash compactors, in violation of  29 C.F.R. §570.63.  All of the aforesaid minors were and are employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid.  Such employment constitutes oppressive child labor as defined in section 3(1) of the Act.

IX

During the period since June 11, 2012, Defendants have repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B.      For an Order:

1.      pursuant to section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their

employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or, in the event liquidated damages are not awarded,

2.      pursuant to section 17, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime compensation found due their employees listed in the attached Exhibit A (additional back wages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint) and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C.      For an Order awarding Plaintiff the costs of this action; and

D.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Dated:  March 4, 2014

/s/ Matthew M. Scheff
MATTHEW M. SCHEFF (0082229)
Trial Attorney

United States Department of Labor
Office of the Solicitor
1240 East Ninth St., Room 881
Cleveland, OH  44199
(216) 522-3878
(216) 522-7172 (Fax)
scheff.matthew@dol.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTINE Z. HERI

5

Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

## **EXHIBIT A**

1.  Audrey Barrick
2.  Steven Blackeney
3.  Josh Brandreth
4.  Dawn Davis
5.  Amy Force
6.  Casey Force
7.  Casey Gallagher
8.  Austin Giles
9.  Heather Griggey
10. Olivia Hamey
11. Terri Humphrey
12. Shawn McDaniel
13. Jared McDowell
14. Margaret Palunas
15. Randi Rucker
16. Stephanie Tomaiko
17. Emmit Walker
18. Freddie Warren