PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,[1] *Secretary of Labor, United States Department of Labor*, | ) ) ) CASE NO. 5:14CV490 |
| Plaintiff, | ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) ) |
| CPS FOODS, LTD, *et al.*, | ) ) |
| Defendant. | ) **ORDER** |

Plaintiff's[1] Motion for Partial Summary Judgment included a request for injunctive relief. ECF No. 57. The Court, having granted Plaintiff's Motion, hereby orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, pursuant to Section 17 of the Fair Labor Standards Act of 1937, as amended, 29 U.S.C. § 201 et seq. (the "Act"), that Defendant Gillian Harris, her officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with her be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

(a) Defendant Gillian Harris shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of her employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the

---

[1] Thomas R. Perez was the original Plaintiff. On April 28, 2017, R. Alexander Acosta became the Secretary of Labor. Pursuant to Fed. R. Civ. P. 25(d), Acosta's name has been automatically substituted as a party.

(5:14CV490)

applicable minimum wage of $7.25 under the Act (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

(b) Defendant Gillian Harris shall not fail to make, keep, and preserve records of her employees and of the wages, hours, and other conditions and practices of employment maintained by her as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R. Part 516.

(c) Defendant Gillian Harris shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to her or to someone else for her, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of the separate Judgment or the Act; nor shall they accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of the Judgment or the Act; nor shall she discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from her under the provisions of this Judgment or the Act.

    IT IS SO ORDERED.

| | |
|---|---|
|  November 3, 2017  |    /s/ Benita Y. Pearson    |
| Date | Benita Y. Pearson |
| | United States District Judge |